In re FRITZSCHE et al.

(Circuit Court, S. D. New York. June 27, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—CITRAL—OIL OF LEMON.

Citral, being a highly concentrated form of oil of lemon, from which nearly all the terpene elements had been extracted, imported in glass bottles, and sold by the importers under the name of "citral," the preparation being chemically a highly concentrated and refined oil of lemon, *held*, that it was properly free of duty as lemon oil, or oil of lemon, under paragraph 661 of the free list of the tariff act of October 1, 1890, and that it was not dutiable, as an essential oil, at 25 per cent. ad valorem, under paragraph 76 of Schedule A of same tariff act.

At Law.

Appeal by the importers from a decision of the board of United States general appraisers affirming the decision of the collector of the port of New York in the classification for customs duties of certain "citral," which was classified by the said collector as an "essential oil," at 25 per cent. ad valorem,

under the provisions of paragraph 76, Schedule A, of the tariff act of October 1, 1890. The importers protested that the merchandise was free of duty, under paragraph 661 of the free list of said tariff act, as an oil of lemon, or lemon oil. The local appraiser reported to the collector that the article was not the oil of lemon of commerce. No other evidence was taken by the board of general appraisers, which board affirmed the decision of the collector. The importers appealed to the circuit court under the provisions of section 15 of the so-called "Customs Administrative Act" of June 10, 1890, and obtained from the circuit court an order for further evidence to be taken before one of the general appraisers as an officer of the court. On this reference, testimony was taken in behalf of the importers and also of the government, from which it appeared that the citral in question was manufactured by a branch of the importers' firm in Germany, and was called by them and sold under the name of "citral," and was advertised by their firm as possessing great virtues, being about 15 times the strength of lemon oil, and having the further advantage of not rendering turbid any of the liquids to which it might be applied. Its price was also shown to be about three or four times that of the ordinary oil of lemon of commerce. On behalf of the government, testimony was produced, showing that the oil of lemon, as generally known in trade and commerce, was the expressed oil of the ripe lemon fruit, made chiefly in Italy, and was imported in copper cans, containing from 25 to 50 pounds weight; that this commercial oil of lemon from Italy contained the terpene or turpentine elements in different degrees, running from almost nothing up to a very large percentage, and that it was liable, when exposed to the air, to turn into turpentine. The testimony showed, however, that the commercial oils of lemon varied through a very wide scale in the amount of turpentine elements contained therein, and that there was no arbitrary or fixed standard as particularly denoting the commercial oil of lemon. On behalf of the importers the evidence of a chemist was offered, tending to show that the citral in question was chemically a highly concentrated, refined oil of lemon or residue from lemon oil, in which only traces of the terpenes remained.

Edward Mitchell, U. S. Atty., and J. T. Van Rensselaer, Asst. U. S. Atty., for the collector.

Comstock & Brown, for the importers.

LACOMBE, Circuit Judge. There is not as much testimony here as to the commercial designation as I would like to have in determining the case. I am prepared to dispose of it on the testimony of the government chemist, to the effect that this is one of the oils of lemon. That being so, and in the absence of any commercial testimony to show that there is only one kind of oil of lemon, I am inclined to reverse the board of appraisers, and direct the classification under the paragraph providing for oil of lemon.